```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| **MARIA S. DIAZ BAEZ, et al.,** <br><br> Plaintiffs <br><br> v. <br><br> **JULIO ALICEA-VASALLO, et al.,** <br><br> Defendants | **CIVIL NO.** 10-1570 (JAG) |

                         **OPINION AND ORDER**

GARCIA-GREGORY, D.J.

    Before the Court is the Administration of Compensation for Automobile Accident, Julio Alicea Vasallo, Ernesto Rivera Negrón and Maribel Concepción Cantres's Motion to Dismiss Pursuant to Rule 12(b)(1) and (6) of the Fed.R.Civ.P.(Docket No. 23). For the reasons set forth below the motion is hereby **GRANTED** in part and **DENIED** in part.

                         **PROCEDURAL BACKGROUND**

    On June 22, 2010, sixty-two ex-employees of the Administration of Compensation for Automobile Accident ("ACAA"), along with several of their conjugal partnerships, filed a complaint against said public instrumentality. (Docket No. 1). Julio Alicea Vasallo ("Alicea"), ACAA's Executive Director,

Civil No. 10-1570 (JAG)                                                2

Maribel Conceptción Cantres ("Concepción"), ACAA's Human Resources Director, Ernesto Rivera Negrón ("Rivera"), an advisor to Alicea, their conjugal partnerships and several other unknown persons and entities are also named defendants. Id. Plaintiffs claim that they were terminated after the New Progressive Party "NPP" won the 2008 elections because they are members of the Popular Democratic Party ("PDP"). They claim that their constitutional and statutory right to freedom of speech and association, to equal protection and due process under the United States Constitution and the Constitution of Puerto Rico were infringed. They specifically allege causes of action under 42 U.S.C. §§ 1983, 1985 and 1988. They also claim they were discriminated against in violation of Law 100, Laws of P.R. Ann. tit. 29, § 146 et seq. (2011) (Docket No. 1).

In the complaint they allege that after Alicea, who ran and lost the NPP primary election for the position of Major of the Municipality of Cataño, was named ACAA's Executive Director in May 2009, a pattern of discrimination against them emerged in the form of partisan political expressions made by him during speeches. (Docket No. 1, ¶ 34). According to Plaintiff, Alicea has publicly announced he will run again during the 2012 primaries. Plaintiffs aver that he has directly addressed

Civil No. 10-1570 (JAG)                                            3

employees hired during the PDP administration in a pejorative and/or threatening manner. Id.

Plaintiffs further allege that contrary to ACCA's Personnel Rules, which establish the criteria to lay off employees in case of lack of fund or work, Alicea, Rivera and Concepción designed and implemented a plan to eliminate employees hired during the PDP administration. Id. at 36-38. They posit that Rivera, who had been an employee of ACAA for twenty-five years and had personal knowledge of their political affiliations, was hired as a liaison between Alicea and the Human resources Department headed by Concepción to assist in carrying out the alleged ideological purging. Id. at 42-43. According to the Second Amended Complaint, Alicea recruited NPP members from Cataño to fill up the vacancies after they were terminated. Id. At 44.

Defendants Alicea, Rivera and the ACCA filed a Motion to Dismiss Pursuant to Rule 12(b)(1) and (6) of the Fed.R.Civ.P. Concepción later filed a Motion for Joinder, which the Court granted. (Docket Nos. 45; 47). In the Motion to Dismiss, they allege that the claims filed by fifty-six of the sixty-two plaintiffs should be dismissed due to the application of the doctrine of *res judicata*, collateral estoppel by judgment or issue preclusion (Docket No. 23, p. 8). In the alternative, they

Civil No. 10-1570 (JAG)                                                    4

argue that the complaint does not state a claim upon which relief could be granted. Id.

　　　According to Defendants, on November 23, 2009, a majority of the Plaintiffs in this case filed or later intervened in an action filed in state court against ACAA and Alicea for violations of the agency's personnel rules and discrimination for political affiliation. (Docket No. 23, pp. 1-2). The court issued a partial judgment in which it dismissed several claims, including the political discrimination claims. (Exhibit 3, Docket No. 34-3). Defendants aver said judgment precludes this Court from exercising jurisdiction in this case regarding the Plaintiffs that are common to both cases and would require the dismissal of their claims under Fed.R.Civ.Proc. 12(b)(1). In the alternative, they argue that the complaint does not state a claim upon which relief could be granted warranting the dismissal under Fed.R.Civ.Proc. 12(b)(1). (Docket No. 23). They also request the dismissal of Plaintiffs' 1985 claim for failure to identify under which subsection their claim arises. (Docket No. 23, p. 26).

　　　Plaintiffs filed a timely opposition. (Docket no. 41). They argue, among other things, that *res judicata* does not preclude the Court from exercising jurisdiction in this case because the dismissal in the state court case was due to procedural reasons

Civil No. 10-1570 (JAG)                                                5

and that no final determination was made on the merits. Id. at 2. They also aver that their complaint sufficiently alleges a cause of action for violations of their freedom of speech rights. Plaintiffs, however, completely failed to address Defendants' requests for the dismissal of their 1985 claim.

Defendants filed a Reply. (Docket No. 44). They contest that recent Supreme Court cases regarding Fed.R.Civ.Proc. 12 render the allegations in Plaintiffs' complaint insufficient and that the state court's determination regarding their failure to state a political discrimination claim constitutes a final judgment on the merits.

Finally, Plaintiffs filed a Sur-reply. (Docket No. 49). They posit that the complaint contains sufficient facts in compliance with Fed.R.Civ.Proc. 8 to survive a motion to dismiss and that the Court has the discretion to allow them to amend the pleadings instead of dismissing the action.

**STANDARD OF REVIEW**

Pursuant to Fed.R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts have the duty of narrowly construing jurisdictional grants. See e.g., Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Since

Civil No. 10-1570 (JAG)                                                6

federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction.  See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995); Diaz Serrano v. Caribbean Records Inc., 270 F.Supp.2d 217 (D.P.R. 2003).  When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as … depositions and exhibits."  See Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).  Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions.  Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Torres Maysonet v. Drillex, S.E., 229 F.Supp.2d 105, 107 (D.P.R. 2002).

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 599). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). While Twombly does not require of plaintiffs a heightened fact pleading of specifics, it does require enough facts to have

Civil No. 10-1570 (JAG)                                                    7

"nudged their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, a plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50.

The First Circuit has recently relied on these two principles as outlined by the Supreme Court. See Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any non-conclusory factual allegations in the complaint, accepted as true, must be

Civil No. 10-1570 (JAG)                                              8

sufficient to give the claim facial plausibility. Iqbal, 129 S.Ct. At 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

## ANALYSIS

The main thrust of Defendants' Motion to Dismiss is that the judgment in the previous state case has *res judicata* effect in relation to the claims filed by a majority of the Plaintiffs in this case. *Res judicata* means "the thing has been decided." Vega Arriaga v. J.C. Penney, Inc., 658 F. Supp. 117, 119 (1st Cir. 1987). "In Puerto Rico, as in most jurisdictions, the term *res judicata* is often used to refer to either of two distinct but related doctrines." Gener-Villar v. Adcom Group, Inc., 417 F.3d 201, 205 (1st Cir. 2005). The first doctrine is claim preclusion and "generally binds parties from litigating or re-

Civil No. 10-1570 (JAG)                                            9

litigating any [claim] that was or could have been litigated in a prior adjudication and prevents claim splitting." Id. at 205 (quoting Futura Dev. Corp. v. Centex Corp., 761 F.2d 33, 42 (1st Cir. 1985)). The second doctrine is collateral estoppel, also known as issue preclusion, which "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 128 S. Ct. 2161, 2171 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)). Pursuant to the federal Full Faith and Credit statute, federal courts apply state law when determining the effect of a previous state court decision. 28 U.S.C. § 1738.

Puerto Rico's *res judicata* statute, Article 1204 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 3343 (2011) ("Article 1204"), states in pertinent part:

> In order that the presumption of the *res judicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes and persons of the litigants, and their capacity as such.

Interpreting Article 1204, the Puerto Rico Supreme Court held that for *res judicata* to apply, the judgment (1) must be final, (2) must have been rendered by a court with proper

Civil No. 10-1570 (JAG) 10

jurisdiction, and (3) must have been on the merits. See <u>R.G. Financial Corp. v. Vergara-Nunez</u>, 446 F.3d 178, 183 (1st Cir. 2006) ("a party asserting a *res judicata* defense under Puerto Rico law must establish three elements: (i) the existence of a prior judgment on the merits that is 'final and unappealable;' (ii) a perfect identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted").

Plaintiffs argue that the partial judgment in the previous case was not on the merits and that, therefore, at least one of the requisites of *res judicata* is not present. Plaintiffs are correct. The partial judgment in this case states that:

> [T]he claim of political discrimination is not substantiated by an allegation of the plaintiffs' affiliation to political parties opposed to the New Progressive Party or of their lack of affiliation to any political party. Therefore, at first sight, the complaint does not allege conclusive, precise facts that justify choosing the judicial remedy and circumventing the administrative process. <u>Pierson Muller I v. Feijoó</u>, 106 D.P.R. 838, 853 to 854 (1978). Therefore, it is not enough to avoid the process that controversies under the jurisdiction of the examining officer must follow. (Docket No. 41, p. 10).

From a cursory reading of the cited text it is evident that the state court did not rule upon the merits of the political discrimination claim. The Court merely stated that the

Civil No. 10-1570 (JAG)                                                11

plaintiffs in that case had failed to describe their political affiliation. This is far from ruling on the merits. The court simply determined that the allegations did not justify a deviation from the prescribed procedural track that had to be followed. That is, the Court solely found that, given the fact that the terminations were not yet final, it could not entertain the constitutional claims before it, as they were presented. Therefore, the partial judgment in question, although final, is not a judgment on the merits as required under the *res judicata* doctrine applicable here. See Vergara-Nunez, 446 F.3d at 183.

The Court now turns to the sufficiency of the allegations in Plaintiffs' claims in order to determine if the case may survive Defendants' Fed.R.Civ.Proce 12(b)(6) motion. When ruling upon this type of motion, a court must first discern the factual allegations contained in the complaint from the legal conclusions. It must then determine if, after taking those factual allegations as true and making all inferences in Plaintiffs' favor, the complaint is sufficient to establish the plausibility of their claim. Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556).

The First Circuit has established that a *prima facie* case of political discrimination has four elements: "(1) that the plaintiff and defendant have opposing political affiliations,

Civil No. 10-1570 (JAG)                                                  12

(2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 240 (1st Cir. 2010) (citing Welch v. Ciampa, 542 F.3d 927, 938 (1st Cir. 2008).

After performing the above mentioned two-pronged analysis under Twombly and Iqbal, the Court finds that the Complaint in this case sufficiently alleges a *prima facie* case of political discrimination under Section 1983. Plaintiffs have alleged that they are members of the PDP, that they were terminated and that Defendants are members of the NPP. (Docket No. 1, ¶¶ 28-29). They have also made allegations that, if taken as true, sufficiently establish that Defendants were aware of their affiliation. Specifically, they allege that Alicea and Concepción were assisted by past and present employees in order to learn and confirm the political affiliations and that Rivera, who had worked for twenty five years at the ACCA, had personal knowledge of their affiliations. (Docket No. 1, ¶¶ 41-42). Contrary to what Defendants would have the Court require at this juncture, it is not necessary for the complaint to state the names of the employees who allegedly provided the information or how they obtained it. (Docket No. 23, p. 23).

Finally, Plaintiff also sufficiently alleged that their termination was politically motivated. They aver, and the Court takes as true, that since Alicea became ACCA's Executive Director, he made partisan political expressions while addressing ACCA employees and that he directly addressed employees hired during the PDP administration in a "politically motivated pejorative and/or threatening manner." (Docket No. 1, ¶ 34). They also alleged that NPP members of Alicea's hometown were hired after they were terminated and that they received threats of dismissal from Alicea. Id. at ¶ 44 and 45. Again, in order to survive a Fed.R.Civ.Proc. 12(b)(6) motion, Plaintiffs did not have to provide the names of the employees affiliated with the NPP that were hired, the positions they were assigned to or the names of the Plaintiffs that were threatened by Alicea with dismissal. The complaint, as it is, has succeeded in nudging Plaintiffs' claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Finally, the Court finds that Defendants are correct in that Plaintiffs have not even identified which subsection of Section 1985 they base their claim on and they even failed to oppose Defendants' request for the dismissal of said claim.

Civil No. 10-1570 (JAG) 14

**CONCLUSION**

For the reasons stated above, the Court hereby **GRANTS** in part and **DENIES** in part Defendants' Motion to Dismiss (Docket No. 23). Plaintiffs' Section 1985 claim shall be dismissed **with prejudice**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March, 2011.

<u>S/ Jay A. García-Gregory</u>
JAY A. GARCÍA-GREGORY
United States District Judge