UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA DIAZ-BAEZ, et al.,

    Plaintiffs,

    v.

JULIO ALICEA VASALLO, et al.,

    Defendants.

CIVIL NO. 10-1570 (CVR)

**OPINION AND ORDER**

    Co-defendants Julio Alicea-Vasallo, Automobile Accidents Compensation Administration ("ACAA") and Ernesto Rivera Negrón filed a Motion for Reconsideration or Partial Dismissal moving the court to reconsider its determination granting leave for plaintiffs to file a Second Amended Complaint for the purpose to authorize Rocío Rivera Torres (hereafter "plaintiff Rivera-Torres") to be included as plaintiff in this case. In the alternative, defendants request dismissal as to said plaintiff Rivera-Torres on grounds her claim is time barred. To this effect, defendants submit it would be proper to dismiss the Second Amended Complaint since reference in ¶ 8.61 as to plaintiff Rivera-Torres having filed a previous complaint against ACAA in state court did not toll the limitation term for the relief therein requested was not similar to the one claimed in this federal action. (Docket No. 127). Defendant Maribel Concepción-Cantres, in her individual capacity, then joined the request for reconsideration and dismissal above mentioned. (Docket No. 140).

    Plaintiff Rivera-Torres submits in her opposition she filed her claim in the instant case solely against co-defendant ACAA for injunctive relief. Plaintiff Rivera-Torres also avers she is requesting in this federal claim, the same remedy she requested at the state court, against the same party (ACAA) based on the same substantive claim. Succinctly,

María S. Díaz Báez, et al., v. Julio Alicea Vasallo, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 2

plaintiff Rivera-Torres submits she made both claims under the same principle, which is an injunction, and against the same defendant, which is the defendant ACAA, for reinstatement. *See, e.g.*, Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 98 (1st Cir. 2004). As such, plaintiff Rivera-Torres in opposition to dismissal states the claim is not barred for it was judicially tolled by the filing in state court of the same claim, against same party and for similar relief as sought in this federal action.

The Second Amended Complaint states in its relevant part at ¶8.61:

8.61. Co-plaintiff Rocío Rivera Torres, a former career employee of ACAA, was classified as Administrative Assistant from 2006 until 2010. Plaintiff Rocío Rivera Torres worked from 2002 until 2006 as Regional Assistant Secretary in ACAA. Plaintiff Rocío Rivera Torres is married, but she is the only Plaintiff to be added to the Amended Complaint. Plaintiff Rocío Rivera Torres was fired from her career position on June 4, 2010. Nevertheless, she filed on January 31, 2011 a civil compliant against ACAA at State Court, in case civil number KPE20110329. Plaintiff Rocío Rivera Torres further alleges that the implementation of the Lay-Off Plan at the ACAA, affected her directly by being a PDP member, and by this, she was fired due to political reasons, by the wrongful\intentional computation. (Second Amended Complaint, Docket No. 127, ¶8.61).

The Second Amended Complaint specifically in its prayer for relief requests insofar as plaintiff Rivera-Torres that this Court issues a declaration that the acts and omissions by defendants, the ACAA, Julio Alicea-Vasallo, Maribel Concepción-Cantres, and Ernesto Rivera-Negrón as officers of ACAA, were illegal, unlawful and unconstitutional; a declaration by this Honorable Court that the creation and implementation of the Lay-Off

María S. Díaz Báez, et al., v. Julio Alicea Vasallo, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 3

Plan is null and void, thus, illegal in its face and as executed; and the issuance of a permanent injunction, reinstating all plaintiffs to their positions from which they were dismissed [...]. (Docket No. 124, p. 31, 1, 2 a-b).[1]

Plaintiff Rivera-Torres further argues the civil complaint before the state court was made within the year provided to do so, on January 31, 2011, tolling the statute of limitations as to improper lay-off. This claim was made through the judiciary action and not merely as an extrajudicial claim that might cause a controversy of its effectiveness as explained in Velilla v. Pueblo Supermarkets, Inc., 111 D.P.R. 585, 587-588 (1981). (Docket No. 138).

The state complaint filed against defendant ACAA under Case No. KPE2011-0329 which includes as plaintiff Rivera-Torres refers to the improper lay-off plan calculations applied to all plaintiffs. The state complaint refers as well to different employment treatment afforded to other employees whose length of service was below the cut-off nine (9) years of service and were not dismissed, contrary to plaintiffs who had been identified by defendants as being appointed under another political administration, the Popular Democratic Party ("PDP"). The state complaint addresses the preliminary injunction request and the judicial proceedings entertained to obtain such injunctive relief to have defendants comply with the guidelines governing lay-offs and to reinstate plaintiffs as public employees. For these reasons, plaintiff Rivera-Torres argues the Second Amended

---

[1] Evidently, other claims made in general as to all plaintiffs, 2(c) and 4-6, are not applicable to plaintiff Rivera-Torres for these claims, other than injunctive relief, would be time barred as to plaintiff Rivera-Torres. (Second Amended Complaint, pp. 31-32).

Complaint filed to add only her as a plaintiff should be considered as timely filed on time, January 31, 2012.

When an action is brought in Puerto Rico, federal law borrows from Puerto Rico tolling law so long as Puerto Rico is consistent with underlying federal policy. Rodríguez-García, 354 F.3d at 97. Under Puerto Rico law, extrajudicial claims –and reasonably also judicial claims– may toll the running of a statute of limitations. However, since tolling provisions are construed restrictively against the person invoking its protection, the extrajudicial claim must be identical to the claim actually filed, that is, it must seek the same form of relief, be based on the same facts and asserted against the same defendants as the subsequent lawsuit. See Nieves-Vega v. Ortiz-Quiñones, 443 F.3d 134, 137 (1st Cir. 2006).

Plaintiff Rivera-Torres has clarified she only seeks in this subsequent federal action the same relief for injunctive and/or equitable relief it sought against the same defendant, based on the same facts and events.[2]

Having examined the documents filed by defendants with the motion for reconsideration and/or dismissal, consisting of public documents and/or public records of the proceedings between the parties, and plaintiff's opposition, this Magistrate Judge finds reconsideration and/or dismissal is not warranted for plaintiff Rivera-Torres' claim for injunctive relief at state level is the same kind of action and against the same party, co-

---

[2] Had plaintiff Rivera-Torres attempted to seek also damages, her claims would not prosper and would have been dismissed for the Court of Appeals for the First Circuit has indicated that an extrajudicial claim seeking only equitable relief does not toll the statute of limitations where the subsequent complaint also seeks damages. Benítez-Pons v. Com. of Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998); Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1154 (1st Cir. 1992); Hernández del Valle v. Santa Aponte, 575 F.2d 321, 324 (1st Cir. 1978).

María S. Díaz Báez, et al., v. Julio Alicea Vasallo, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 5

defendant ACAA, and thus any limitation period was tolled as the injunctive relief and reinstatement sought for which the Second Amended Complaint as to these claims, was timely filed.

## CONCLUSION

In view of the foregoing, defendants Motion's for Reconsideration and/or for Partial Dismissal (Docket No. 127) is GRANTED IN PART AND DENIED IN PART as follows:

DENIED as to the reconsideration as to this Court's Order granting plaintiffs' Motion for Leave to file a Second Amended Complaint.

GRANTED as to dismissal of all claims of plaintiff Rivera-Torres in the Second Amended Complaint as these appear at ¶¶2(c) and 4-6, pp. 31-32.[3]

DENIED as to dismissal of the injunctive relief and reinstallment as these claims appear in the Second Amended Complaint at p. 31, ¶¶ 1, 2 a-b.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 26th day of April of 2012.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VÉLEZ-RIVÉ
UNITED STATES MAGISTRATE JUDGE

---

[3] The Second Amended Complaint at ¶¶2(c) and 4-6, pp. 31-32, is requesting in general as to all the plaintiffs, without clearly excluding therein Rivera-Torres, compensation for mental and emotional damages, compensatory and special damages, and punitive damages for each plaintiff and their respective spouses or conjugal partnerships. If these assertion of damages are applicable to Rivera-Torres, they would be considered time barred.