UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA DIAZ-BAEZ, et al.,

    Plaintiffs,

    v.

JULIO ALICEA VASALLO, et al.,

    Defendants.

CIVIL NO. 10-1570 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On January 13, 2012, plaintiffs filed a Second Amended Complaint against defendants which claims that, as a group of state career employees, they were dismissed from employment at a public corporation, the Automobiles Accident and Compensation Administration ("ACAA") because of discrimination based on their political beliefs. Civil Rights Act, Title 42, United States Code, Articles 1983, 1985 and 1988, First, Fifth and Fourteenth Amendment of the United States Constitution; Article 1802 of the Puerto Rico Civil Code, 31 Laws of Puerto Rico Annotated, Art. 5141. (Docket No. 125).[1]

Now pending before this Court is plaintiffs' Motion for Partial Summary Judgment, defendants' Response in Opposition, a Reply and a Sur-Reply. (Docket Nos. 143, 163, 174 and 175). Plaintiffs seek summary adjudication in that the lay-off plan that resulted in their termination from employment was illegally implemented inasmuch as, in eliminating individuals in lieu of their positions, effectively resulted in dismissal of all individuals who

---

[1] Referred generally as "plaintiffs" which consist of some seventy-one career employees at ACAA who were dismissed under an established personnel lay-off plan that was implemented by defendants who are being sued in their official and personal capacities.

had been recruited by the opposing political party in said public corporation. Plaintiffs also object that defendants, under the pretext of a wide seniority and its cut-off date, in violation of the constitutional prohibition to political discrimination in public employment, failed to properly consider plaintiffs' real time in employment for seniority purposes. Thus, both in its purpose and implementation, the lay-off plan which resulted in plaintiffs' termination from their career positions should be considered null and void, plaintiffs should be reinstated to employment, and be granted all accrued rights and benefits. (Docket No. 143).

Defendants ACAA, Julio Alicea Vasallo and Ernesto Rivera-Negrón, in their official and personal capacities, filed their Opposition to plaintiffs' Motion for Partial Summary Judgment. Defendants submit plaintiffs' statements in support of their request for summary adjudication are merely conclusory as to their political affiliations. Defendants also indicate no causal connection is submitted in regards to defendants' conduct, and even if so, defendants would have taken the same action regardless of plaintiffs' political affiliation. Defendants contend there were valid financial reasons and reasonable management supporting criteria to select a uniform cut-off date to calculate seniority of those employees who were going to be affected by the lay-off plan which resulted in plaintiffs' employment termination. (Docket Nos. 163).

Plaintiffs filed a limited Reply to defendants' response stating defendants' submission of having economic considerations for the adverse employment actions should be immaterial and irrelevant and/or should be barred for these additional facts were not germane to the issues raised in their summary judgment which only contested the

Case 3:10-cv-01570-CVR Document 181 Filed 11/15/12 Page 3 of 12

María S. Díaz Baez et al vs. ACAA, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 3

procedure itself and not its reasoning. Thus, plaintiffs negate defendants' Mt. Healthy defense as flawed and without merit. (Docket No. 174).

Finally, defendants aver in their Sur-Reply that ACAA's Board of Directors approved the lay-off plan based on valid non-discriminatory reasons premised on its strained financial situation. Defendants also submit plaintiffs' reliance on their interpretation of documentation obtained from discovery is faulted merely denying that evaluations of the positions were not conducted, which is contrary to the available evidence, and they have failed to establish there are no relevant material facts in controversy that would entitle plaintiffs to the requested summary judgment. (Docket No. 179).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a

Case 3:10-cv-01570-CVR   Document 181   Filed 11/15/12   Page 4 of 12

María S. Díaz Baez et al vs. ACAA, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 4

"genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

## CONTROVERTED ISSUES OF FACTS

Plaintiffs submit in their request for summary judgment that defendants implemented a lay off plan that resulted in plaintiffs' employment termination to target those individuals who were hired during the last eight years when the government administration that recruited them was of the opposing political party.[2] By considering a cut-off date of June 30, 2009, to establish seniority under the lay off plan, defendants disregarded any subsequent employment period up to the date the plan was indeed

---

[2] Although examined, only relevant issues of facts will be discussed as sufficient to adjudicate the partial summary judgment motion. (Docket Nos. 143, Attachment 1; Docket No. 164; Docket No. 175; and Docket No. 179).

Case 3:10-cv-01570-CVR   Document 181   Filed 11/15/12   Page 5 of 12

María S. Díaz Baez et al vs. ACAA, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 5

implemented in October 29, 2009. Since defendants were appointed after the new government administration won the general elections of 2008, being then under the control of the New Progressive Party (NPP), the cut off period and the seniority estimated for those employees who were affected effectively discriminated against government employees who had been recruited during the last two government administration where the opposing party, Popular Democratic Party (PDP), had reigned. By merely establishing seniority as grounds for lay off instead of a method upon which positions, instead of individuals, would be terminated from employment, plaintiffs submit the dismissal of employees hired from the years 2001 through 2008,[3] –with cut off date of June 30, 2009– regardless of an examination of their position or classification of duties, was in violation of personnel law. In conclusion, plaintiffs aver defendants terminated employment of plaintiffs, who had been recruited during the two previous four years terms in which a different political party was in power for political discrimination reasons.

First and foremost, defendants have indicated in their response having no knowledge of plaintiffs' political affiliation and that merely juxtaposing the events of employment recruitment and being laid off with a change in political administration, without more, should be considered insufficient for a claim of political discrimination to prosper. Defendants also deny that no study or evaluation of the positions and the examination of the public corporation's financial condition were conducted. This last contention raises

---

[3] Plaintiffs submit that since all these employees were recruited during the eight-year period while the PDP was in control, it must be presumed all those employees were PDP affiliates and upon the change of government administration to the NPP after the general elections of 2008, the cut-off date and seniority determinations to apply the lay off plan resulted in political discrimination in employment.

María S. Díaz Baez et al vs. ACAA, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 6

significant and relevant material facts in controversy that preclude summary judgment as requested by plaintiffs for defendants have disputed plaintiffs' submissions.

Plaintiffs also aver that defendants have not taken into account that Law No. 7, Special Act to Declare a State of Fiscal Emergency and to Establish a Comprehensive Fiscal Stabilization Plan to Salvage the Credit of Puerto Rico,[4] upon which their lay offs were implemented at ACAA, did not apply to public corporations and, thus, excluded such public corporation which generated its own profits.

Defendants oppose such averment for the lay offs attributed were not on account of said Law No. 7, but rather all that was adopted from said Law No. 7 was the definition of seniority in government employment which had already been sanctioned as appropriate by the highest state court in ruling insofar as dismissals for financial considerations by the state government Executive Branch in the Commonwealth of Puerto Rico. In turn, plaintiffs' reply opposed any reference to financial problems at ACAA or to the provisions taken by defendants as to the needs of services and positions being assessed by management as not relevant to the issues plaintiffs raise in their motion for partial summary adjudication.

Finally, defendants' response and their sur-reply refer to their Mt. Healthy's defense in that, regardless of plaintiffs' political affiliation, the same employment action would have followed because of financial considerations at ACAA.

---

[4] Law Declaring a Fiscal State of Emergency and Establishing a Comprehensive Fiscal Stabilization Plan to Save Puerto Rico Credit, 2009 P.R. Laws, Act No. 7.

## LEGAL DISCUSSION

It is uncontested that plaintiffs were career employees in public service and defendants were officers of a public corporation ACAA. As a career employee at a public corporation ACAA, plaintiffs had a protected property interest in continued employment. Rodriguez–Sanchez v. Municipality of Santa Isabel, 658 F.3d 125, 129 (1st Cir.2011).

It is also uncontested that the central government of Puerto Rico signed into law Act No. 7—entitled the "Law Declaring a Fiscal State of Emergency and Establishing a Comprehensive Fiscal Stabilization Plan to Save Puerto Rico Credit." *See* 2009 P.R. Laws Act No. 7.

Plaintiffs herein have opposed that seniority, without any additional consideration as to the positions, was determined by ACAA to be the guide as to who would be laid off from employment and that as a result of the cut-off date established by defendants of June 30, 2009, employees affected were in fact those who had been recruited by past government administration which belonged to opposite political party as defendants, amounting to a *de facto* political discrimination action.

It has been previously determined that close temporal proximity between the regime change and the onset of pervasive cross-party harassment, coupled with the absence of any legitimate reason for much of the offending conduct, permits a plausible inference at the pleading stage that political animus was a motivating factor behind the harassment. *See* Grajales v. Puerto Rico Ports Authority, 682 F.3d 40 (1st Cir. 2012).

Case 3:10-cv-01570-CVR   Document 181   Filed 11/15/12   Page 8 of 12

María S. Díaz Baez et al vs. ACAA, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 8

However, such is not the situation raised by plaintiffs against defendants for there is no significant harassment at work, no politically motivated comments, and a mere claim that employees within the last nine to eight years in service belonged to a different political party as the defendants would not suffice. To make out a case of political discrimination in violation of a public employee's First Amendment rights, plaintiffs' case must do more than simply juxtapose evidence of unfair treatment with evidence that an employer's political affiliation differs from the plaintiff's own; instead, there must be evidence from which a jury reasonably may infer that the plaintiff's constitutionally protected conduct was a substantial or motivating factor behind the plaintiff's discharge. *See* Padilla-García v. Guillermo Rodríguez, 212 F.3d 69, 74 (1st Cir.2000).

Similar to herein plaintiffs' argument, a lay off plan based exclusively on seniority, without regard to the jobs the terminated employees performed, would pose considerable challenges. Still, having failed to adduce evidence showing that defendants had knowledge of the identities or political affiliations of the workers in each position, the suggestion that particular positions were selected for elimination in order to target plaintiffs on the basis of their political affiliation is considered speculative and unsupported. *See* Méndez-Aponte v. Bonilla, 645 F.3d 60, 64 (1st Cir. 2011) ("We ignore any conclusory allegations, improbable inferences, and unsupported speculation." (*quoting* Del Toro Pacheco v. Pereira, 633 F.3d 57, 62 (1st Cir. 2011)). *See* Rodríguez-Sánchez v. Municipality of Santa Isabel, 658 at 131 (in general, one would expect a *bona fide* administrative reorganization

Case 3:10-cv-01570-CVR   Document 181   Filed 11/15/12   Page 9 of 12

María S. Díaz Baez et al vs. ACAA, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 9

plan to focus on particular positions that would be eliminated, yet in the absence of evidence of knowledge as to political affiliation, discrimination claims were speculative).[5]

An employer-defendant may seek to discredit the plaintiffs' evidence that there was an impermissible motive for the adverse employment action by producing "enough evidence to establish that the plaintiff's dismissal would have occurred in any event for nondiscriminatory reasons." Acevedo-Díaz v. Aponte, 1 F.3d 62, 67 (1st Cir. 1993).

Above affirmative defense, as raised by herein defendants regarding the financial predicament at ACAA and the implementation of the lay off plan based on seniority considerations, requires defendants to show by a preponderance of the evidence that they would have taken the same action regardless of plaintiffs' political affiliation.  See Mt. Healthy, 429 U.S. at 287, 97 S.Ct. 568; Padilla-García, 212 F.3d at 77. An employer may successfully raise a Mt. Healthy defense by establishing that plaintiff's activity or status, although it may have been improperly considered, was not the but for cause of the adverse employment action. See Welch v. Sciampa, 542 F.3d 927, 941 (1st Cir. 2008) (citing Jirau-Bernal v. Agrait, 37 F.3d 1, 4 (1st Cir.1994)). It is the defendant's burden to "persuade[ ] the fact finder that its reason is credible." Padilla-García, 212 F.3d at 77-78.

---

[5] A triable claim of political discrimination requires, among other things, evidence that political affiliation was a substantial or motivating factor in the conduct. Even if a plaintiff makes a *prima facie* showing that the government acted from politically discriminatory motives, a defendant may avoid liability by proving that he or she inevitably would have taken the same action without regard to politics. *See generally* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977).

María S. Díaz Baez et al vs. ACAA, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 10

---

Defendants' response in opposition submitted that audited financial statements and other financial data of the public corporation reflected that ACAA was in a precarious financial situation. Defendants also raise that, consonant with the authority and regulations of ACAA to remove employees due to elimination or positions, lack of work or lack of funds a reduction in payroll and operational deficit, it was considered necessary to do so through a lay off plan. Said lay off plan was drafted and presented to the Board of Directors for approval to achieve savings in payroll and to address the operational deficit. The lay off plan established the method whereby it was to be determined the positions that could be eliminated from the feedback that was received from all the department directors who were requested to prepare evaluation of all positions that could be eliminated. Defendants indicated the evaluation of positions was submitted by, among others, Maribel Concepción-Cantres, of the Human Resources and Labor Relations Area of ACAA; Nilda Torres-Heredia, Auxiliary Executive Director of the General Services and Property Management Department; Dr. Aida Morales, Auxiliary Executive Director of the Department of Medical Affairs; Epifanio Delgado-Vázquez, Auxiliary Executive Director of the Information Systems Department; Javier Capestany, Auxiliary Executive Director of the Finance, Planning and Budget Department; Bolívar Morales-Román, Auxiliary Executive Director of the Operations Department; Zamary Solivan-Cartagena, Auxiliary Executive Director of the Internal Audit Office; Rafael Alén González, Auxiliary Executive Director of

Case 3:10-cv-01570-CVR   Document 181   Filed 11/15/12   Page 11 of 12

María S. Díaz Baez et al vs. ACAA, et al
Civil No. 10-1570 (CVR)
Opinion and Order
Page No. 11

the Legal Affairs Office; and Irma Rivera-Rivera, Auxiliary Executive Director of the Public Relations Office.[6]

Above examination as to the positions presented by defendants as support for the lay off plan at ACAA and which affected plaintiffs' employment, besides raising a Mt. Healthy defense, reflects existence of genuine issues of fact in controversy. The existence of genuine issues of material fact precludes summary judgment in that plaintiffs' aver the only consideration as to seniority and a cut-off date for the time in service resulted in political discrimination when individuals instead of their positions were not examined or considered as part of the method to implement the lay offs and defendants indicate the positions were indeed taken into consideration.

Succinctly, regardless if there is indeed a *prima facie* case of political discrimination on the general allegations that all plaintiffs were PDP members and defendants of the opposing PNP party, plaintiffs' request for partial summary judgment cannot prosper at this stage having relevant issues of fact in controversy.

---

[6] Plaintiffs have opposed consideration of this response for it was not previously raised in their motion for summary judgment. However, defendants are entitled to present their Mt. Healthy defense at this stage.

## CONCLUSION

In view of the foregoing, plaintiffs' request for partial summary judgment is DENIED. (Docket No. 143).

IT IS SO ORDERED.

San Juan, Puerto Rico, this 15th day of November of 2012.

            s/CAMILLE L. VELEZ-RIVE
            CAMILLE L. VÉLEZ-RIVÉ
            UNITED STATES MAGISTRATE JUDGE